## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CITIMORTGAGE, INC.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 11-CV-2540-EFM-GLR** |
| | ) | |
| **MARK SANDERS, et al.,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

This case involves Defendants' (also referred to as "Borrowers") application for mortgage loan modification under the federal Home Affordable Modification Program ("HAMP") that was created through the Emergency Economic Stabilization Act of 2008, Pub. L. No. 110-343, 122 Stat. 3765 (codified as amended at 12 U.S.C. §§ 5201-5261).[1]  The Court has under consideration Plaintiff/Counterclaim Defendant's Motion for Protective Order from Corporate Representative Deposition Notice (ECF No. 62).  Pursuant to Fed. R. Civ. P. 26(c), Plaintiff CitiMortgage, Inc. ("CitiMortgage") seeks to have the deposition of its corporate representative held at the offices of its attorney's law firm and to limit or eliminate deposition topics and production requests provided with an amended deposition notice.  For the reasons set out below, the Court grants the motion in part and denies it in part.

### I.     Relevant Factual Background

In the fall of 2009, Borrowers sought to modify their mortgage loan held by CitiMortgage.  In February 2010 they executed a loan modification and sent it to CitiMortgage. Believing they had obtained the modification, they proceeded to make payments consistent with

---

[1]On May 1, 2012, the Court granted a motion to realign the parties.  *See* Order (ECF No. 33).  At that point, the Borrowers became defendants and CitiMortgage, Inc. became the plaintiff.  *See id.*  The parties also switched designations with respect to counterclaims.  *See id.* To avoid any potential confusion, the Court mostly avoids the designations of plaintiff and defendant in this Memorandum and Order.

the modified mortgage. CitiMortgage did not sign that modification, however, and due to a mathematical error, it was not implemented. In April 2010, CitiMortgage sent Borrowers a new, corrected loan modification agreement that Borrowers allegedly did not receive. In the fall of 2010 CitiMortgage commenced a mortgage foreclosure action against the Borrowers in state court. The Borrowers responded to that action with a counterclaim against CitiMortgage.

After CitiMortgage voluntarily dismissed its claim for foreclosure without prejudice, the state court realigned the Borrowers as plaintiffs and CitiMortgage as defendant based on the Borrowers' pending counterclaim.[2] CitiMortgage thereafter removed the Borrowers' state action to federal court.[3] The Borrowers then filed their amended complaint, alleging breach of contract, invasion of privacy, and violations of the Kansas Consumer Protection Act, the Real Estate Settlement Procedures Act, the Fair Credit Reporting Act, and the Kansas Fair Credit Reporting Act.[4] In its amended answer CitiMortgage generally denied those allegations and asserted various defenses and a counterclaim for mortgage foreclosure.[5] In response to the counterclaim, the Borrowers have asserted various defenses, including contentions that CitiMortgage lacks standing and is not the real party in interest to pursue foreclosure.[6]

Pursuant to Fed. R. Civ. P. 30(b)(6), the Borrowers served notice to depose CitiMortgage's corporate representative on August 15, 2012, in Kansas City, Kansas. After

---

[2]*See* Mot. Realign Parties (ECF No. 30).

[3]*See* Notice of Removal (ECF No. 1).

[4]*See* Am. Compl. at 15-30 (ECF No. 12).

[5]*See* Def.'s Am. Answer First Am. Compl. and Counterclaim (ECF No. 27) at 17-39.

[6]*See* Answer Counterclaim (ECF No. 29) at 2.

2

discussions between the parties, Borrowers agreed to amend the notice to change the location of the deposition to the St. Louis, Missouri area, because CitiMortgage has its principal place of business there.  The amended notice requests CitiMortgage to designate one or mor persons to testify on its behalf on August 24, 2012, at its corporate office in O'Fallon, Missouri.[7] Counsel for Borrowers "arbitrarily selected a date and location subject to further discussions of these issues."[8]  The Amended Notice identifies two topics for the deposition:  (1) facts and circumstances surrounding the acquisition by CitiMortgage of the servicing contract and the right to foreclose on the Borrowers' loan and (2) circumstances of the Borrowers' application for a loan modification from January 2009 through November 2010.[9]  The notice also contains seven requests for production of documents at the deposition.[10]

CitiMortgage filed the instant motion in response to the amended notice.  The motion is fully briefed and ready for ruling.

**II.     Motion for Protective Order**

Pursuant to Fed. R. Civ. P. 26(c), CitiMortgage seeks to have its Rule 30(b)(6) deposition held at the offices of its attorneys and to limit or eliminate deposition topics and production requests provided with the amended deposition notice.  Through Fed. R. Civ. P. 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  The movant must show

---

[7]Am. Notice of Video Dep. Duces Tecum of Corp. Rep. ("Am. Notice") (ECF No. 63-5).

[8]Email from Kugler to Donnelli (Aug. 13, 2012) (ECF No. 63-4).

[9]Am. Notice at 2-3.  The second topic also identifies five sub-topics.  *See id.*

[10]*See id.* at 4-5.

good cause for a protective order.[11]  If the party opposing the discovery provides a sufficient basis for the Court to find good cause, the Court also considers other factors that were or could have been presented by the party seeking the discovery to determine whether the totality of the circumstances justifies the entry of a protective order.[12]

Courts have broad discretion to decide when a protective order is warranted, and if warranted, the scope of protection required given the situation at hand.[13]  Through Rule 26(c), the courts have "substantial latitude to fashion" an appropriate protective order after fairly weighing "the competing needs and interests of the parties affected by discovery."[14]  Despite the broad grant of discretion given the courts, a protective order is only warranted when the movant demonstrates that protection is necessary under a specific category set out in Rule 26(c).[15]  To establish good cause, a party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[16]

To determine whether CitiMortgage has shown good cause, the Court considers the

---

[11]*Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010).

[12]*See, e.g.*, *Thomas v. IBM*, 48 F.3d 478, 483 (10th Cir. 1995) (noting factors demonstrating good cause for the court's protective order and then further considering that the party seeking the deposition made no attempt to demonstrate that the sought information could not be gathered from other sources, for whom a deposition might have been less burdensome); *Gazaway v. Makita U.S.A., Inc.*, No. 97-2287-JWL, 1998 WL 219771, at *3 (D. Kan. Apr. 16, 1998) (after finding an adequate showing of good cause, the court considered that "Plaintiff has shown no crucial need for the deposition" and that the plaintiff had not shown why discovery from others "has not or could not be obtained").

[13]*Layne Christensen Co.*, 271 F.R.D. at 244.

[14]*Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

[15]*Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).

[16]*Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

4

objections and arguments lodged against the amended deposition notice.

### A.    Deposition Location

CitiMortgage argues generally that the deposition would be more convenient for all parties, if it were held at its attorneys' office in St. Louis, Missouri.[17]  After initially scheduling the deposition in Kansas and discussing the matter with CitiMortgage, the Borrowers noticed the Rule 30(b)(6) deposition at CitiMortgage's corporate headquarters in O'Fallon, Missouri – a town to the west of St. Louis.  CitiMortgage suggests that its corporate facility is difficult to navigate, due to its size, multiple buildings, and complexity.  Accordingly, it offers to provide a conference room at its attorneys' law offices in St. Louis without charge.[18]  It also states that holding the deposition at the law offices could be arranged without any administrative burden.[19]

The party seeking to depose a person must provide reasonable written notice that states "the time and place of the deposition."[20]  That party thus sets the deposition location subject to court-modification through a protective order entered under Fed. R. Civ. P. 26(c)(2).[21]  Some locations are presumptively appropriate depending on the party to be deposed.[22]  But the Court may determine the proper location for the deposition from the facts and equities of the case then

---

[17]Mem. Supp. at 5 n.1.

[18]*See id.*

[19]*See* Reply at 7.

[20]Fed. R. Civ. P. 30(b)(1).

[21]*Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 600 (D. Kan. 2012).

[22]*Compare id.* (noting general rule that plaintiffs are properly deposed in the district in which they brought suit) *with Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 644 (D. Kan. 1999) (noting "initial presumption that a defendant should be examined at his residence or the principal place of business").

before it.[23]   Here the parties have realigned since the start of this action.  They have agreed, moreover, that the Rule 30(b)(6) deposition should be held in the St. Louis area.  They disagree as to the specific location, whether at the corporate headquarters of CitiMortgage or at the offices of its attorneys.

CitiMortgage fails to show that the chosen location for the deposition subjects any party or person to annoyance, embarrassment, oppression, or undue burden or expense.  It cites to no affidavit or other evidence to support its suggestions.  At best, its arguments for relocating the deposition suggest that holding the deposition at its corporate headquarters may result in some inconvenience.  But inconvenience does not suffice to justify a protective order to relocate a deposition.  That other available locations may be more comfortable or convenient does not demonstrate good cause to relocate a deposition.  Likewise, a personal preference by CitiMortgage or its counsel for holding the deposition at the offices of its counsel has no bearing on whether the chosen location subjects a person to annoyance, embarrassment, oppression, or undue burden or expense.  Because CitiMortgage has not shown good cause for a protective order related to the deposition location, the Court denies the motion to that extent.  The parties, of course, remain free to set the deposition at any location to which they can agree.

### B.      Subject Matter of Deposition

When a party seeks to depose a corporation or other entity, the notice of deposition "must describe with reasonable particularity the matters for examination."[24]  The areas of inquiry are also constrained by the general scope and limits of discovery set out in Fed. R. Civ. P. 26(b).

---

[23]*Starlight Int'l Inc.*, 186 F.R.D. at 644.

[24]Fed. R. Civ. P. 30(b)(6).

For Rule 30(b)(6) "to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute."[25]   An overly broad notice for a Rule 30(b)(6) deposition "subjects the noticed party to an impossible task."[26]

If a proposed Rule 30(b)(6) topic is irrelevant, it may constitute an undue burden sufficient for a protective order.[27]  But relevancy is broadly construed for purposes of discovery and courts should consider requested discovery relevant "if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party"[28] or "to the subject matter of the action."[29]   At the discovery stage of litigation, reliance[30] on the definition of relevance in Fed. R. Evid. 404 is generally misplaced – an inquiry of admissibility under Rule 404 is distinct from discoverability under Fed. R. Civ. P. 26(b)(1).[31]

In this case, the Borrowers describe two topics for examination:  (1) "The facts and circumstances surrounding the event by which CitiMortgage Inc. acquired the servicing contract

---

[25] *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 528 (D. Kan. 2006).

[26] *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000).

[27] *See Cooper v. Old Dominion Freight Line, Inc.*, No. 09-CV-2441 JAR, 2011 WL 124567, at *3-4 (D. Kan. Jan. 14, 2011).

[28] *Design Basics, L.L.C. v. Strawn*, 271 F.R.D. 513, 523 (D. Kan. 2010).

[29] *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999) (quoting *Smith v. MCI Telecomms. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991)).  Despite the changes to Rule 26(b)(1) in 2000, the standard enunciated in "*Etienne* remains good law." *Sheldon v. Vermonty*, 204 F.R.D. 679, 690 n.7 (D. Kan. 2001).

[30] CitiMortgage relies on Rule 404 to support its general objection of irrelevancy. *See* Mem. Supp. at 6.

[31] *See United States v. Shaw*, No 04-2503-RDR, 2005 WL 3418497, at *3 (D. Kan. Nov. 1, 2005).

and the right to foreclose on the loan referenced in [Borrowers'] Complaint" and (2) "The circumstances surrounding [Borrowers'] application for a loan modification for the subject loan from January 2009 until November 2010."[32]  Topic 2 also describes five sub-topics or categories of circumstances to be inquired into at the Rule 30(b)(6) deposition, including (b) "all non-privileged decisions to commence or continue foreclosure while loan modification requests were pending, as otherwise set forth in the Modification Agreement issued by CitiMortgage, Inc." and (e) "the Home Affordable Modification Program requirements and guidelines for mortgage servicers participating in the modification of loans held by Freddie Mac."[33]

### 1.    Topic 1

CitiMortgage argues that Topic 1 is "largely irrelevant", overly broad, and vague.[34]  The topic, however, appears neither vague nor overly broad.  CitiMortgage concedes that it has serviced the loan since the original loan servicer merged into CitiMortgage in August 2007.[35]  Although it asserts that there is no "'servicing contract' particular to Borrowers' loan",[36] that fact does not make the topic overly broad or vague.  If the assertion is accurate, moreover, it should be a simple matter to provide a Rule 30(b)(6) deponent who can testify to that.

For discovery purposes, moreover, Topic 1 appears relevant to the Borrowers' defenses of standing and real party in interest.  When requested discovery is facially relevant, as here, the

---

[32]*See* Am. Notice at 2.

[33]*See id.* at 2-3.

[34]*See* Resp. at 8-9.

[35]Mem. Supp. at 8.

[36]*See id.*

8

party resisting it has the burden to show that the discovery does not fall within the broad scope of relevance set out in Fed. R. Civ. P. 26(b)(1) or "is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."[37]  CitiMortgage has not carried its burden to show that Topic 1 is irrelevant. It primarily objects that the topic has no time limitation.  But the acquisition date provides a natural temporal boundary for the topic.  CitiMortgage has no objection, moreover, to testimony about the Borrowers' particular loan documents.[38]

### 2.      Topic 2(b)

CitiMortgage objects that Topic 2(b) is unclear and vague due to its use of the undefined term "Modification Agreement."[39]  Although the last clause of Topic 2(b) creates unnecessary confusion, it is insufficient to entirely preclude inquiry into Topic 2(b).  The Court, however, will eliminate the confusing clause from the sub-topic.  With that modification, Topic 2(b) now provides notice that the Borrowers will inquire about the circumstances of the Borrowers' application to modify their loan between January 2009 through November 2010, including "non-privileged decisions to commence or continue foreclosure while loan modification requests were pending."

### 3.      Topic 2(e)

CitiMortgage asserts that Topic 2(e) is objectionable, because it is not limited in time and

---

[37]*Mackey v. IBP, Inc.*, 167 F.R.D. 186, 193 (D. Kan. 1996) (citation omitted).

[38]*See* Reply at 3.

[39]Mem. Supp. at 13.

appears to seek information on a nationwide basis.[40]  The general portion of Topic 2, however, limits the scope of Topic 2(e) to the circumstances of the Borrowers' application to modify their loan between January 2009 and November 2010.  CitiMortgage's objection ignores this pertinent language.  Topic 2(e) is not objectionable when read within the overall confines of Topic 2.

For these reasons, CitiMortgage has shown no good cause for a protective order based upon the described subject matter for the Rule 30(b)(6) deposition set out in Topics 1 and 2, except for the slight modification to Topic 2(b).

### C.   Requests for Production

A party seeking to depose a person may also seek document production in accordance with Fed. R. Civ. P. 30(b)(2).  In this case the Borrowers listed seven categories of documents to be produced at the Rule 30(b)(6) deposition.[41]  The categories identified in Requests 3, 4, and 5 of the deposition notice are at issue in this motion for protective order.[42]

### 1.   Request 3

As set out in the deposition notice, Request 3 seeks:

> Any and all non-privileged documents that confirm the date that the ownership, servicing rights and/or negotiation of the Note on the property commonly addressed as 19907 Peppertree Lane, Edgerton, Kansas was transferred to Citi, commonly referred to as the "original collateral file" maintained by Citi and referring to [Borrowers], comprised of document [sic] such as, but not limited to,
>
> > a.  All documents which confirm Citi's right to service the debt and compensation for such

---

[40]*Id.* at 13-14.

[41]Am. Notice at 3-4.

[42]*See* Mem. Supp. at 10-15.

service.

b.  The original mortgage note.

c.   The original mortgage with evidence of recording.

d.  Original or certified copies of all intervening assignments of mortgage.

e.   Original or certified copy of lender's title insurance policy.[43]

CitiMortgage objects generally that Request 3 seeks irrelevant information and is overly broad.[44]  It also contends that each subparagraph, other than 3(b), is objectionable in various respects.[45]  The Borrowers state that CitiMortgage now has the original signed documents upon which it relies for standing, and thus suggest that the issues surrounding Request 3 may be moot.[46]  CitiMortgage does not directly contest that statement, but still generally maintains that Request 3 seeks irrelevant documents and is overly broad.[47]  These objections, however, appear based on an unduly broad construction of Request 3.  Although the request might have been stated more clearly, it only seeks documents "commonly referred to as the 'original collateral file'" maintained by CitiMortgage and referring to the Borrowers, and such file is comprised of documents such as those listed in subparagraphs (a) through (e).  As construed by the Court, Request 3 is not overly broad.

---

[43]Am. Notice at 3.

[44]Mem. Supp. at 10-12.

[45]*Id.* at 11-12.

[46]*See* Resp. at 4.

[47]*See* Reply at 4.

11

The original collateral file also appears relevant to claims or defenses in this action. Documents within such file, including the five listed categories that may comprise such file, appear facially relevant for purposes of discovery. CitiMortgage has not carried its burden to show the request objectionable on grounds of relevancy.

For these reasons, CitiMortgage has not shown good cause for a protective order based upon Request 3.

### 2.    Request 4

Request 4 seeks "all non-privileged documents relating to the compensation amounts and schedule in servicing [Borrowers'] loan to include foreclosure."[48] CitiMortgage objects that this request seeks irrelevant documents, because it is not limited in time and seeks documents about compensation that has no bearing on the Borrowers' claim for failure to implement a HAMP loan modification.[49] Because the request is limited to the Borrowers' loan, it has a built-in temporal limitation. The request, moreover, appears to seek some documents that may be relevant to the Borrowers' defenses of standing and real party in interest. More specifically, the request appears relevant for purposes of discovery to the extent it seeks documents showing or discussing the compensation amounts and schedule in servicing the Borrowers' loan to include foreclosure. To that extent, CitiMortgage has the burden to show such responsive documents irrelevant. It has not carried that burden and it is obligated to produce documents to the extent Request 4 is not objectionable.

But Request 4 seeks much more than those apparent relevant documents. By seeking

---

[48]ECF No. 63-5.

[49]Mem. Supp. at 12-13.

production of all non-privileged documents related to compensation amounts and servicing the loan, the Borrowers fail to identify the documents sought with reasonable precision. The request thus draws a wide variety of responsive documents into its purview. Other than those noted as relevant in the preceding paragraph, the Court sustains the objection of irrelevancy. Other documents do not appear relevant. And the Borrowers have made no effort to carry their burden to show the relevancy of other responsive documents.[50]

For these reasons, CitiMortgage has shown good cause to limit Request 4 to non-privileged documents showing or discussing the compensation amounts and schedule in servicing the Borrowers' loan to include foreclosure.

### 3.    Request 5

Request 5 seeks "all non-privileged documents relating to the loan modification administered, managed, controlled or otherwise run by Citi, including who signs the modification agreements on behalf of Citi and procedural standards for when Citi will return a signed agreement to the borrower."[51] CitiMortgage objects that this request is overly broad in that it is unlimited in time and does not relate only to the Borrowers in this case.[52] It also states that information regarding other borrowers is confidential.[53] The Borrowers explain that they believe their experience during the loan modification process with CitiMortgage is common and that CitiMortgage has executed numerous loan modifications without a signed agreement, thus

---

[50]The Borrowers' do not address the propriety of Request 4 in their response to the motion for protective order. *See, generally*, Resp.

[51]Am. Notice at 4.

[52]Mem. Supp. at 14-15.

[53]*Id.* at 15.

waiving that requirement.[54]

Request 5 is not specifically limited in time or to the Home Affordable Mortgage Program (HAMP).  But the Borrowers concede it is limited to that modification program,[55] which commenced in March 2009.[56]  Consistent with that concession, the Court will limit Request 5 to that program and the time-period following its creation in 2009.  Even with that limitation, however, Request 5 remains overly broad in that it seeks all documents relating to the HAMP run by CitiMortgage.  The use of the omnibus phrase "relating to" in this context makes the request objectionable on its face as overly broad.[57]  But the request does survive the objection, however, to the extent it is limited to documents that show who signs modification agreements on behalf of CitiMortgage or that show the procedural standards for when CitiMortgage will return a signed agreement to the borrower.  While the request is in some respect overly broad, CitiMortgage has a duty to produce documents to the extent it is not objectionable.[58]

CitiMortgage contends that the Borrowers cannot seek corporate-wide discovery on a pattern or practice theory, because such theory is only available to the government or in a class

---

[54]*See* Resp. at 5.

[55]*See id.*

[56]*See Loan Modification Group, Inc. v. Reed*, 694 F.3d 145, 147 (1st Cir. 2012).

[57]*See Dr. Greens, Inc. v. Spectrum Labs., LLC*, No. 12-MC-226-KHV-GLR, 2012 WL 3111746, at *3 (D. Kan. July 31, 2012); *Robinson v. City of Arkansas City, Kan.*, No. 10-1431-JAR-GLR, 2012 WL 603576 (D. Kan. Feb. 24, 2012), *review denied*, 2012 WL 1674255 (D. Kan. May 14, 2012).

[58]*See Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 666 (D. Kan. 1999).

action.[59]  It cites no case, however, that limits discovery in a factual context similar to that now

before the Court.  It instead cites to discrimination cases that are materially dissimilar.  And even

in discrimination litigation, moreover, this Court has recognized that corporate-wide discovery

"may be relevant in both individual and class action cases."[60]  For non-class actions, the

geographic scope of discovery should be limited to the source of the complained action, i.e., the

office, unit, or facility involved in the events leading to the litigation, "absent some showing of

particularized need and relevance."[61]  The Borrowers have made no such showing.  They merely

rely on apparent speculative beliefs about CitiMortgage's practices without any support for the

stated beliefs.  Even had they supported those beliefs, they have shown no need to go outside

the office or offices that handled their loan and requested modification to obtain documents

responsive to Request 5 as limited above.  Consequently, the Court limits the geographical scope

of Request 5 to the CitiMortgage office or offices that handled the Borrowers' loan and request

for modification.

     CitiMortgage also asserts concerns about confidentiality against producing documents

for other borrowers.  But concerns about confidentiality generally provide no basis for barring

or withholding discovery – they are instead usually addressed through a protective order

designed to protect the confidentiality of produced documents.[62]  CitiMortgage's confidentiality

---

[59]Reply at 2-3, 6-7.

[60]*Mackey v. IBP, Inc.*, 167 F.R.D. 186, 195 (D. Kan. 1996).

[61]*Cf. McCoo v. Denny's Inc.*, 192 F.R.D. 675, 687 (D. Kan. 2000) (addressing geographic scope in discrimination context).

[62]*See IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 323 (D. Kan. 1998); *Mike v. Dymon, Inc.*, No. 95-2405-EEO, 1996 WL 674007, at *3 (D. Kan. Nov. 14, 1996).

concerns provide no reason to further limit Request 5.

CitiMortgage has shown good cause to limit Request 5 as stated above. Request 5 is hereby limited to the HAMP for the time-period following its creation in 2009. It is further limited to the office or offices of CitiMortgage that handled the Borrowers' loan or request for modification. With those limitations, CitiMortgage has a duty to produce all documents that show who signs modification agreements on behalf of CitiMortgage or that show the procedural standards for when CitiMortgage will return a signed agreement to the borrower.

## III.    Conclusion

For the foregoing reasons, the Court grants in part and denies in part Plaintiff/Counter-claim Defendant's Motion for Protective Order from Corporate Representative Deposition Notice (ECF No. 62). For good cause shown, Topic 2(b) and Requests 4 and 5 are limited or modified as set out herein.[63] The motion is otherwise denied. The parties shall be responsible for their own expenses on the motion.

**IT IS SO ORDERED.**

**Dated in Kansas City, Kansas on this 4th day of December, 2012.**


S/Gerald L. Rushfelt
**Gerald L. Rushfelt**
**United States Magistrate Judge**

---

[63]The Court also construed Request 3 more narrowly than CitiMortgage based upon limiting language within the request. The Court's construction does not constitute a modification of Request 3. It instead constitutes a reasonable and accurate construction of the request as drafted by the Borrowers.