IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CITIMORTGAGE, INC., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 11-CV-2540-EFM-GLR |
| ) | |
| MARK SANDERS, et al., ) | |
|     Defendants. ) | |

**MEMORANDUM AND ORDER**

The Court has before it Defendants' Motion to Compel Discovery (ECF No. 72). Defendants Mark Sanders and Pamela Sanders move for an order to compel Plaintiff CitiMortgage, Inc. to further respond to Defendants's First Interrogatories. For the following reasons the Court denies the motion.

Plaintiff CitiMortgage initially opposes the motion for failure of Defendants to comply with D. Kan. Rule 37.2. The rule provides as follows:

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, or a motion to quash or modify a subpoena pursuant to Fed. R. Civ. P. 45(c), unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.
>   A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.

In support of its contention, Plaintiff points to a "golden rule" letter as the sole effort by Defendants to resolve this discovery dispute before filing their motion. Counsel for Plaintiff responded with its own letter, discussing the interrogatories and explaining why the responses were adequate. In both its opening and closing paragraphs that letter also offers to discuss the matter

further with opposing counsel in an effort to find an agreed solution.  Defense counsel made no further effort to contact the attorney for Plaintiff, however, but instead filed the instant motion.

The Court agrees with Plaintiff that the attorney for Defendants failed to fulfill the duty to confer, as required by D. Kan. Rule 37.2.  His only effort was an initial letter, a step which the rule specifically describes as inadequate without more.  The rule requires "that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so."  The Court finds nothing, however, to indicate that defense counsel exerted any effort to discuss the matter or even to contact the attorney for Plaintiff.  Defendants filed no memorandum, furthermore, in reply to the response of Plaintiff to the motion.  Consequently, the Court accepts the statements by the attorney for CitiMortgage as true on this procedural issue.  And the Court therefore denies the motion.

From its cursory review of the motion and the briefing, moreover, the Court finds that this dispute about the interrogatories and the responses should be easily resolved by the conferring process, so as to reach an appropriate compromise, acceptable to all parties.  Counsel should review the discovery sections of the Federal Rules of Civil Procedure, as suggested by the correspondence.  The Court finds no reason for any repetition of this motion, if counsel read the rule and fulfill their duty to confer.

**IT IS SO ORDERED.**

**Dated in Kansas City, Kansas on this 10th day of December, 2012.**

S/Gerald L. Rushfelt
**Gerald L. Rushfelt**
**United States Magistrate Judge**