IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CITIMORTGAGE, INC.,

*Plaintiff,*

vs.

Case No. 11-2540-EFM

MARK SANDERS and PAMELA SANDERS,

*Defendants.*

**MEMORANDUM AND ORDER**

This case comes before the Court on Plaintiff's Motion to Strike Defendants' Demand for Jury Trial (Doc. 60). For the reasons stated below, the Court denies Plaintiff's motion.

**I.      Factual Background**

CitiMortgage, Inc. ("CitiMortgage") is a corporation that provides mortgage services to various borrowers. Mark Sanders and Pamela Sanders ("the Sanderses") are residents of Johnson County, Kansas. On November 2, 2010, CitiMortgage filed a Petition for Mortgage Foreclosure in the District Court of Johnson County, Kansas. In response to the Petition, the Sanderses asserted a six-count counterclaim, alleging claims for breach of contract, breach of the implied duty of good faith and fair dealing, violation of the Real Estate Settlement Procedures Act ("RESPA"), violations under the federal and Kansas credit reporting acts, violation of the

Kansas Consumer Production Act ("KCPA"), and a claim for invasion of privacy.[1]  On September 19, 2011, the state court entered an agreed order dismissing CitiMortgage's mortgage foreclosure claim without prejudice.  Because only the Sanderses' counterclaims remained, the Johnson County District Court realigned the parties to reflect the Sanderses as plaintiffs and CitiMortgage as the defendant in the state court case.

On September 26, 2011, CitiMortgage removed the action to this Court.  At that time, the Sanderses were identified as plaintiffs, and their original and amended Complaints contained the six causes of action originally asserted in their state-court counterclaim.  In response to the Sanderses' complaint, CitiMortgage asserted a counterclaim for mortgage disclosure.[2]  Because CitiMortgage re-asserted its claim for mortgage foreclosure, the Sanderses filed a motion to again realign the parties.[3]  In support of their motion for realignment, the Sanderses argued, "[s]eeing as this matter would not be before this court but for CitiMortgage's action for mortgage foreclosure, [the Sanderses] ask the Court to return the parties to their true position and permit the case caption to reflect CitiMortgage as plaintiff and the Sanders[es] as defendant[s]."[4]  On May 1, 2012, the Court granted the motion to realign the parties and identified CitiMortgage as plaintiff and the Sanderses as defendants.[5]  On July 28, 2011, the Sanderses filed a Demand for Jury Trial.[6]  CitiMortgage now seeks to strike the Sanderses jury demand.

---

[1] Am. Compl., Doc. 12.

[2] Am. Answer, Doc. 27, at 33.

[3] Mot. to Realign Parties, Doc. 30.

[4] *Id.* at 1-2.

[5] Order Granting Mot. to Realign Parties, Doc. 33.

[6] Demand for Jury Trial, Doc. 1-2, at 2.  The Court notes that the Sanderses filed their Demand for Jury Trial when the dispute was pending before the state court and that no party has filed a jury demand in this federal action.  However, the Sanderses' jury demand is sufficient under Fed. R. Civ. P. 81(c)(3)(A), which provides that "a

- 3 -

## II.     Analysis

As a preliminary matter, the Sanderses argue that the Court cannot rule on CitiMortgage's motion to strike until the nature of the parties' claims is conclusively determined in a pretrial order. After the Sanderses made this argument, however, the Court held a pretrial conference and issued its Pretrial Order (Doc. 120), which reflects claims and defenses that are substantially the same as those set forth in the parties' pleadings. Additionally, the Court's Scheduling Order (Doc. 17) required that the parties amend their pleadings on or before February 17, 2012.[7] Because the time for amendment has expired and the parties' claims and defenses are now articulated in the Pretrial Order, the nature of this action is ascertainable and the Court finds that CitiMortgage's motion to strike the Sanderses' jury demand is ripe for adjudication.

CitiMortgage asks the Court to strike the Sanderses' jury demand because its mortgage foreclosure claim constitutes an equitable action, which does not afford defendants a right to jury trial. It is well-settled that a mortgage foreclosure action is equitable in nature,[8] and therefore, the parties are generally not entitled to a jury trial.[9] However, this case not only involves CitiMortgage's foreclosure action, but also includes the Sanderses' counterclaims, many of which are legal in character.[10] When equitable and legal claims arise in a single action, "the

---

party who, before removal, demanded a jury trial in accordance with state law need not renew the demand after removal."

[7] Sched. Order, Doc. 17, at 2.

[8] *See, e.g., Old Colony Ventures I, Inc. v. SMWNPF Holdings, Inc.*, 968 F. Supp. 1422, 1426 (D. Kan. 1997).

[9] *Rozelle v. Conn. Gen. Life Ins. Co.*, 471 F.2d 29, 31 (10th Cir. 1972) ("The foreclosure of mortgage liens is equitable in nature and such actions may be tried in the Federal courts without intervention of a jury.").

[10] The Sanderses' claims largely arise under Kansas statutes, and their claim for breach of contract is generally entitled to a jury trial. *Smith v. Dickinson Operating Co.*, 1991 WL 105208, *1 (D. Kan. May 29, 1991).

right to jury trial on the legal claim[s], including all issues common to both claims, remains intact."[11] As a result, the Sanderses' are entitled to a jury trial on each of their legal claims.

Notwithstanding the existence of legal claims, CitiMortgage argues that the Sanderses' motion to realign the parties demonstrates that its equitable mortgage foreclosure action constitutes the central and primary dispute among the parties. Consequently, CitiMortgage asserts that its equitable foreclosure claim eclipses the Sanderses legal claims, rendering the entire action equitable and destroying the Sanderses' right to jury trial. This argument is unsupported by the law. When both equitable and legal claims arise in a single action, the right to a jury trial "cannot be abridged by characterizing the legal claim as 'incidental' to the equitable relief sought."[12] Because the Sanderses have asserted numerous legal claims arising from the same set of facts contemplated in CitiMortgage's foreclosure claim, the Court finds that the Sanderses are entitled to a jury trial on their legal claims. Accordingly, the Court denies CitiMortgage's motion to strike the Sanderses' demand for jury trial.

**IT IS ACCORDINGLY ORDERED** that Plaintiff's Motion to Strike Defendants' Demand for Jury Trial (Doc. 60) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated this 13th day of March, 2013.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[11] *Tull v. United States*, 481 U.S. 412, 425 (1987) (quoting *Curtis v. Loether*, 415 U.S. 189, 196 (1974); *see also Ross v. Bernhard*, 396 U.S. 531, 537-38 (1970); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 472-73 (1962); *Cache, Inc. v. Scitech Med. Prods., Inc.*, 1990 WL 41407, *2-3 (D. Kan. Mar. 19, 1990); *In re Hassan*, 376 B.R. 1, 12-13 (Bankr. D. Kan. 2007).

[12] *Cache*, 1990 WL 41407 at *3 (quoting *Tull*, 481 U.S. at 425)).