# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-CV-2540-EFM-GLR |
| | ) | |
| MARK SANDERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case involves Defendants' (also referred to as "Borrowers") application for mortgage loan modification under the federal Home Affordable Modification Program ("HAMP") that was created through the Emergency Economic Stabilization Act of 2008, Pub. L. No. 110-343, 122 Stat. 3765 (codified as amended at 12 U.S.C. §§ 5201-5261).[1] The Court has under consideration Defendants' Motion to Compel (ECF No. 100).[2] Pursuant to Fed. R. Civ. P. 37, the Borrowers seek to compel CitiMortgage Inc.'s ("CitiMortgage") corporate representative, Salvatore J. Ghertkin, to appear for a supplemental deposition and to compel CitiMortgage to produce documents he had reviewed or otherwise mentioned during the deposition. The supplemental deposition would allow the Borrowers to complete his deposition and require the deponent to answer questions he refused to answer, as instructed by counsel. For the reasons set out below, the Court grants the motion in part and denies it in part.

---

[1] On May 1, 2012, the Court granted a motion to realign the parties. *See* Order (ECF No. 33). At that point, the Borrowers became defendants and CitiMortgage, Inc. became the plaintiff. *See id.* The parties also switched designations with respect to counterclaims. *See id.* To avoid any potential confusion, the Court mostly avoids the designations of plaintiff and defendant in this Memorandum and Order.

[2] The full title of the motion is: "Defendants' Motion and Memorandum in Support of Motion to Compel CitiMortgage, Inc. to Respond to Questions at the Oral Deposition of its Corporate Representative and Produce Documents." Such lengthy and cumbersome titles are unnecessary.

I.   **Relevant Factual Background**

Pursuant to Fed. R. Civ. P. 30(b)(6), the Borrowers served an amended notice to depose CitiMortgage's corporate representative on August 24, 2012. Among other things, CitiMortgage moved to limit or eliminate deposition topics and production requests set out in the amended notice.[3] By granting that motion in part, the Court limited the scope of one topic to which the deposition would apply, pursuant to Rule 30(b)(6).[4] And it also limited some requests for production.[5]

The Borrowers then served a second amended deposition notice to depose a corporate representative on January 30, 2013.[6] The second amended notice requested CitiMortgage to designate one or mor persons to testify on its behalf in Chesterfield, Missouri.[7] Like the prior notice, the second amended notice identified two topics for the deposition: (1) facts and circumstances surrounding the acquisition by CitiMortgage of the servicing contract and the right to foreclose on the Borrowers' loan and (2) circumstances of the Borrowers' application for a loan modification from January 2009 through November 2010.[8] The notice also contains seven requests for production of documents at the deposition.[9]

---

[3]*See* Plaintiff/Counterclaim Defendant's Motion for Protective Order from Corporate Representative Deposition Notice (ECF No. 62).

[4]*See CitiMortgage, Inc. v. Sanders*, No. 11-CV-2540-EFM-GLR, 2012 WL 6024641, at *1-7 (D. Kan. Dec. 4, 2012) (Mem. & Order (ECF No. 83)).

[5]*See id.*

[6]*See* Second Am. Notice of Dep. (ECF No. 88).

[7]*See id.*

[8]*See id.* at 2-3. The second topic also identifies five sub-topics. *See id.*

[9]*See id.* at 3-4.

On January 30, 2013, Salvatore J. Ghertkin appeared for deposition as the corporate representative of CitiMortgage. Upon direction from counsel, however, he refused to answer questions deemed to lie outside the topics identified in the deposition notice. In addition, CitiMortgage purportedly did not produce all requested documents at the deposition. The refusal to answer questions and failure to produce documents prompted the Borrowers to file the instant motion to compel. The motion is fully briefed and ready for ruling.

## II. Duty to Confer

CitiMortgage opposes the motion for failure of Defendants to comply with D. Kan. Rule 37.2. The rule provides:

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, or a motion to quash or modify a subpoena pursuant to Fed. R. Civ. P. 45(c), unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.
> A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.

"The purpose of these rules is to encourage the parties to satisfactorily resolve their discovery disputes prior to resorting to judicial intervention."[10] Parties are to treat the conference requirement "as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes."[11] Thus, "parties should confer with the same detail and candor expected in the memoranda they would file with the court on the discovery dispute."[12]

---

[10] *Manning v. Gen. Motors*, 247 F.R.D. 646, 650 (D. Kan. 2007).

[11] *First Sav. Bank, F.S.B. v. First Bank Sys., Inc.*, 902 F. Supp. 1356, 1364 (D. Kan. 1995).

[12] *Id.* at 1354-65.

Although the motion contains no certificate of conference, the Borrowers state that the parties had a lengthy discussion at the deposition about the issue of answering deposition questions and that they attempted to contact the Court to resolve the issue. CitiMortgage, nevertheless, points out that following the deposition, it worked closely with counsel for the Borrowers to submit a joint pretrial order, but they did not discuss the filing of a motion to compel. The submitted proposed pretrial order, furthermore, did not indicate that the Borrowers intended to file a motion to compel. In their reply brief the Borrowers do not contest the facts presented by CitiMortgage. They instead reiterate that they conferred about the questioning at the deposition.

By not filing a certificate of conference, the Borrowers have not complied with Fed. R. Civ. P. 37(a)(1) or D. Kan. Rule 37.2. They conferred to some extent, nevertheless, at the deposition. And further conferring after the deposition ended appears unlikely to resolve the issues without judicial involvement. On the other hand, the Borrowers have not shown that they conferred at all about the requests for production. Furthermore, conferring about the production issues might have resolved those issues even after concluding the deposition.

Despite the lack of compliance, "it remains within the discretion of the court to consider the motion on its merits."[13] Given the utter lack of conferring on the production issues and any rationale for not making good faith efforts to confer on those issues prior to filing the motion to compel, the Court declines to consider the production issues raised by the motion. The motion is denied to that extent. The Court, however, will consider the motion to the extent it seeks to compel a supplemental deposition of the corporate representative. The Borrowers conferred about the questioning issues. And the parties sought judicial resolution of the issues at the deposition without success.

---

[13] *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 302 (D. Kan. 1996).

## III. Deposition Questions

In response to various questions, counsel for CitiMortgage objected that the questions were outside the topics set out in the notice for the corporate deposition. And counsel instructed the deponent not to answer. The Borrowers contend that such instructions are improper. They ask the Court to order CitiMortgage to produce the deponent in Kansas City for a supplemental deposition so as to answer the questions that were not answered and to complete the examination of his knowledge of matters relevant to this case.[14]

The governing rule regarding depositions in federal cases, Fed. R. Civ. P. 30, establishes a standard procedure for objecting to questions or other aspects of the deposition.[15] Rule 30(c)(2) requires objections to "be noted on the record," but recognizes that "the examination still proceeds; the testimony is taken subject to any objection." A deponent may be instructed not to answer a question "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."[16]

No one contends that the instructions of counsel to the deponent were necessary to preserve a privilege or to present a motion under Rule 30(d)(3). CitiMortgage instead invokes a purported court-imposed limitation to support its instructions not to answer. The Court indeed limited the first amended deposition notice when it partially granted CitiMortgage's motion for protective order. But the resulting protective order did not limit the permissible areas of inquiry

---

[14]The parties disagree as to whether the questions actually fall outside of the noticed topics. There is no need to resolve that disagreement in the context of the instant motion. If the questions are indeed within the scope of the noticed topics, counsel for CitiMortgage had no arguable basis for instructing the deponent not to answer. And, as will be seen *infra*, counsel also had no basis for such instructions even if the questions are outside the scope of the noticed topics.

[15]Fed. R. Civ. P. 30(c)(2).

[16]*Id.*

at the deposition or the scope of questioning that might be pursued. It instead limited the scope of one topic to which the deponent should otherwise be prepared to testify. And it limited some of the requests for production. Consistent with those limitations, the Borrowers served a second amended notice for a deposition under Rule 30(b)(6).

Without a specific order that limits the areas or scope of inquiry, a deponent may not refuse to answer questions by invoking Rule 30(c)(2), except in the limited circumstances stated in the rule. Modifying or limiting a topic set out in the notice of deposition under Rule 30(b)(6) does not create one of those limited circumstances. The two rules separately refer to different kinds of limitations for depositions. As this Court long ago recognized in the same or similar context:

> If the examining party asks questions outside the scope of the matters described in the notice, the general deposition rules govern (i.e. Fed.R.Civ.P.26(b)(1)), so that relevant questions may be asked and no special protection is conferred on a deponent by virtue of the fact that the deposition was noticed under 30(b)(6).[17]

The topics described in a notice for deposition under Rule 30(b)(6) establish what knowledge the corporate representative should have; they do not limit the scope of the deposition. Of course, the notice also affects what remedies are available to the noticing party, if the deponent lacks knowledge or information to answer a given question.[18]

By directing the deponent not to answer deposition questions, counsel acted improperly.[19]

---

[17] *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 639 (D. Kan. 1999) (quoting *King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1995)); *accord Payless Shoesource Worldwide, Inc. v. Target Corp.*, No. 05-4023-JAR, 2008 WL 973118, at *9 (D. Kan. Apr. 8, 2008).

[18] *See Starlight Int'l Inc.*, 186 F.R.D. at 639.

[19] *See RTC v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995); *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, No. 94-2395-GTV, 1995 WL 625962, at *12 (D. Kan. Oct. 5, 1995).

Counsel should have stated the objections for the record and allowed the deponent to answer.[20] For these reasons the Court agrees that Salvatore J. Ghertkin must appear for a supplemental deposition to provide further testimony and to answer the questions he did not answer on January 30, 2013. The deposition shall take place in the Kansas City area or at any other place to which the parties may agree.

CitiMortgage argues that allowing the Borrowers to elicit testimony from Mr. Ghertkin in his personal capacity violates a court order limiting the depositions to be allowed before the close of discovery. The order, however, does not limit who may be deposed or in what capacity a deponent would testify. It instead extends the discovery deadline to February 8, 2013, and identifies certain deponents and an unidentified corporate representative that will be presented for depositions.[21]

CitiMortgage also argues that the Borrowers should not be able to re-depose Mr. Ghertkin as a fact witness, because discovery has closed. But the argument ignores the fact that the Court specifically kept discovery open "for any additional discovery that may be ordered upon the [instant motion to compel]."[22] The discovery deadline poses no barrier to allowing a supplemental deposition.

Quoting *Blackmon v. Board of County Commissioners of Sedgwick County, Kansas*, No. 05-1029-MLB-DWB, 2011 WL 663195, at *3 (D. Kan. Feb. 14, 2011), CitiMortgage next argues that "Rule 30(b) 6) depositions are completely separate from individual fact depositions." That case, however, addressed an issue regarding the amount of time to allow for a particular

---

[20] *See Audiotext Commc'ns Network, Inc.*, 1995 WL 625962, at *12.

[21] *See* Minute Entry (ECF No. 85).

[22] *See* Pretrial Order at 37-38.

deposition – a matter not at issue in the present case. The case is distinguishable. It does not impact the issues now before the Court.

Lastly, pursuant to Fed. R. Civ. P. 26(c), CitiMortgage asks the Court to enter an order to protect it from further depositions, if the Court is inclined to allow additional questioning. It contends that it took all reasonable steps to avoid further depositions by unsuccessfully seeking judicial involvement to resolve the issues at the deposition. The Court finds no good cause to enter such a protective order.

**IV.  Sanctions**

It is improper for counsel to direct a deponent not to answer questions except on the three bases provided in Rule 30(c)(2).[23] The courts may properly sanction an attorney for unjustifiably instructing a deponent not to answer questions.[24] Rule 30(d)(2) grants the courts discretion to impose appropriate sanctions "on a person who impedes, delays, or frustrates the fair examination of the deponent." And sanctions may be premised on Fed. R. Civ. P. 37(a)(5) upon ruling on a motion to compel.

In the Court's prior ruling in this case, it stated the Rule 30(b)(6) reasonable-particularity requirement for notices of deposition followed by a statement that "[t]he areas of inquiry are also constrained by the general scope and limits of discovery set out in Fed. R. Civ. P. 26(b)."[25] Those two statements could conceivably mislead CitiMortgage or its attorney to believe that Rule 30(b)(6) topics contained within a notice of deposition constrain the areas of inquiry at the actual

---

[23]*See RTC v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995); *accord Audiotext Commc'ns Network, Inc.*, 1995 WL 625962, at *12.

[24]*Dabney*, 73 F.3d at 267.

[25]*CitiMortgage, Inc. v. Sanders*, No. 11-CV-2540-EFM-GLR, 2012 WL 6024641, at *3 (D. Kan. Dec. 4, 2012).

8

deposition. As discussed herein, that is obviously not the case. The topics within a Rule 30(b)(6) deposition notice merely constrain the areas of inquiry to which the organization must provide a knowledgeable deponent. Given the potential misperception of the prior order, however slight that might be, the Court finds adequate reason to refrain from sanctions against CitiMortgage or its attorney for the inappropriate instructions not to answer the deposition questions.

Furthermore, because the Court grants the motion only in part, Rule 37(a)(5)(C) merely authorizes the Court to "apportion the reasonable expenses for the motion." The Court finds no reason to apportion the expenses on the motion. Each party is responsible for its own expenses.

## V. Conclusion

For the foregoing reasons, the Court grants in part and denies in part Defendants' Motion to Compel (ECF No. 100). It also denies the request for a protective order in the response to the motion. Within thirty days of the date of this order or at such other time to which the parties may agree, CitiMortgage shall present Salvatore J. Ghertkin for a supplemental deposition at the offices of counsel for Borrowers in Kansas City or at any other location to which the parties may agree. The motion is otherwise denied. The parties shall be responsible for their own expenses on the motion.

**IT IS SO ORDERED.**

**Dated in Kansas City, Kansas on this 2nd day of May, 2013.**

S/Gerald L. Rushfelt
**Gerald L. Rushfelt**
**United States Magistrate Judge**